### Fox *v.* Phelps.[1]

*(Circuit Court, E. D. New York.   June 29, 1883.)*

SPECIFIC PERFORMANCE—INCOMPLETE TITLE AFTERWARDS PERFECTED.

Where a bill in equity was filed to compel the specific performance of an agreement to purchase lands, and it appeared that the complainant had not been able to give a perfect title at the time agreed, and that after an extension of 30 days he still was unable, but afterwards he brought this suit to compel the defendant to accept the title, and on the trial tendered a good title, *held*, that the defendant was justified in rejecting the title when it was tendered and that, even if the complainant were able at the time of the trial to give perfect title, it would not be doing equity to compel the defendant to accept it after nearly two years had elapsed since the day named in the contract for passing the title.

1 Reported by R. D. & Wyllys Benedict, of the New York bar.

In Equity.

This was a bill in equity to compel specific performance of an agreement to purchase certain lands. The date on which the title was to be passed was November 25, 1881. The complainant admitted that on that date he was not able to give a perfect title, but alleged various extensions of the agreement, and alleged a tender of the title on February 25, 1882, and again in July, 1882. The defendant admitted one extension of 30 days, but denied any further extensions.

*Kurzman & Yeaman,* for plaintiff.

*W. S. Logan,* for defendant.

BENEDICT, J. I am of the opinion that the defendant was justified in rejecting the title to the land described in the contract now sought to be enforced against him, which was tendered by the plaintiff previous to the commencement of this suit. If it be true that since the commencement of the suit the plaintiff has perfected his title, and the title which the plaintiff now tenders is one that the defendant would have been bound to accept if tendered within a reasonable time after the making of the contract, still I am of the opinion that, upon the facts shown, it would not be doing equity to compel the defendant at this late day, when nearly two years have elapsed since the day named in the contract for passing the title, and upon tender of title made for the first time upon the trial, and that, too, without any evidence tending to excuse the plaintiff's failure in time to procure the deeds upon which he now relies as proof of readiness and ability, to perform the contract on his part. For aught that appears, the plaintiff's only reason for the delay of nearly two years in putting himself in a position to deliver to the defendant a good title to the land he contracted to sell, was that he hoped to throw upon the defendant the risk of the existence of any outstanding interest in the land held by the parties whose deed he has acquired since the commencement of his suit, and for the first time tendered on the trial.

The bill is therefore dismissed, with costs.